[Cite as *In re L.H.*, 2013-Ohio-5279.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
|  | : |  |
|  | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. John W. Wise, J. |
| IN RE L.H. | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
|  | : | Case No. CT2013-0017 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Juvenile Division, Case No. 20730197 |
| JUDGMENT: | REVERSED AND REMANDED |
| DATE OF JUDGMENT ENTRY: | November 19, 2013 |

APPEARANCES:

| | |
|---|---|
| For Father-Appellant: | For Grandmother-Appellee: |
| JOHN D. WEAVER<br>542 S. Drexel Ave.<br>Bexley, OH 43209 | HERBERT W. BAKER<br>301 Main St.., P.O. Box 400<br>Zanesville, OH 43702-0400 |
| | For Mother-Appellee: |
| | BARBARA CAFFARATTI<br>45 N. 4th St.<br>Zanesville, OH 43701 |

*Delaney, J.*

{¶1} Father-Appellant appeals the February 4, 2013 judgment entry of the Muskingum County Court of Common Pleas, Juvenile Division.

### FACTS AND PROCEDURAL HISTORY

{¶2} L.H., born on September 11, 2006, is the child of Father-Appellant and Mother-Appellee. On December 20, 2007, the Muskingum County Children Services filed a complaint with the Muskingum County Court of Common Pleas, Juvenile Division requesting temporary custody of L.H. be granted to maternal Grandmother-Appellee or Muskingum County Children Services due to the neglect and/or dependency of L.H. Mother and Father had substance abuse issues, which threatened the welfare of L.H. The trial court placed L.H. in the temporary custody of Grandmother.

{¶3} On March 3, 2008, the trial court adjudicated L.H. a dependent child pursuant to R.C. 2151.04(C). The trial court continued temporary custody of L.H. with Grandmother.

{¶4} Father filed a motion to modify disposition of legal custody on November 21, 2008. Mother filed a motion to modify disposition of legal custody on January 21, 2009. On January 21, 2009, Father filed a motion to modify legal custody to Father. On February 2, 2009, the trial court continued temporary custody with Grandmother.

{¶5} The trial court held a hearing on April 15, 2009 regarding the motions to modify custody. The parties entered into an agreed shared parenting/legal custody plan, filed May 5, 2009. Father and Mother were named the residential parents of L.H. Both parents were granted parenting time. Protective supervision granted to Muskingum County Services was terminated.

{¶6}   On May 27, 2009, Grandmother filed a motion for permanent custody of L.H.   She argued that after the parents entered into the shared parenting plan, the parents engaged in activities that threatened the well-being of L.H.

{¶7}   On June 16, 2009, the trial court ordered the shared parenting plan suspended.  Grandmother was granted temporary custody of L.H.  Mother and Father were granted parenting time with L.H.

{¶8}   On August 12, 2009, the trial court granted legal custody of L.H. to Father. Grandmother's motion for custody was denied.

{¶9}   On March 29, 2012, Mother filed a motion for shared parenting. Grandmother filed a motion for permanent custody of L.H. on July 10, 2012.  In the motion, Grandmother argued custody should be granted to Grandmother due to L.H.'s educational needs and Father's inability to address those needs.  At the time of the motion, L.H. was six years old and entering elementary school.  Grandmother argued Father could not read or write and could not assist L.H. with his education. Grandmother was also concerned Father was not meeting L.H.'s medical needs. Grandmother noted Mother had achieved sobriety, gained stable employment, and was living with Grandmother and Mother's two other children.

{¶10} A hearing on the motions was held on January 16, 2013.  The trial court issued its judgment entry on February 4, 2013.  The judgment entry stated:

Hearing held January 16, 2013 on the Motion of [Grandmother] for Custody.

The Court found that it would be in the best interest of the child that her Motion be granted. [Grandmother] is therefore designated the Legal Custodian of [L.H.].

The father, [Father], shall have visitation with the child pursuant to the Courts [sic] Standard Order.

In as much as the mother, [Mother] is currently residing with [Grandmother], no visitation is ordered for her at this time.

Until further Order of the Court, IT IS SO ORDERED.

(Judgment Entry, Feb. 4, 2013).

{¶11} It is from this judgment Father now appeals.

## ASSIGNMENTS OF ERROR

{¶12} Father raises four Assignments of Error:

{¶13} "I. THE TRIAL COURT ERRED IN MODIFYING CUSTODY WITHOUT FINDING THAT A CHANGE OF CIRCUMSTANCES HAD OCCURRED.

{¶14} "II. IN THE ALTERNATIVE, IF THE TRIAL COURT DID FIND A CHANGE OF CIRCUMSTANCES, THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶15} "III. THE TRIAL COURT ERRED IN AWARDING CUSTODY TO A NONPARENT WITHOUT FIRST MAKING A DETERMINATION THAT APPELLANT WAS AN UNSUITABLE PARENT.

{¶16} "IV. THE TRIAL COURT'S DECISION THAT THE MODIFICATION OF CUSTODY WAS IN THE CHILD'S BEST INTERESTS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

*I.*

{¶17} In Father's first Assignment of Error, he argues the trial court did not make all of the required findings to modify or terminate Father's legal custody of L.H. Father contends that in order for the trial court to modify or terminate the disposition of placing L.H. in Father's legal custody, the trial court was required to find there was a change in circumstances and it was in the child's best interests that a change be made. In this case, the trial court did not find a change of circumstances.

{¶18} L.H. was adjudicated dependent by the juvenile court on March 3, 2008. Because of that adjudication, the trial court retains jurisdiction over the child until the child reaches age eighteen. R.C. 2151.353(E)(1). A child who is adjudicated to be dependent may be subject to several types of orders of disposition, including placing the child in protective supervision or awarding legal custody of the child to a party who files a motion requesting custody under certain circumstances. R.C. 2151.353(A)(1) and (3).

{¶19} The procedure for exercising the trial court's authority to change legal custody of an abused, neglected, or dependent child is delineated by statute. R.C. 2151.42(B) states:

> An order of disposition issued under division (A)(3) of section 2151.353, division (A)(3) of section 2151.415, or section 2151.417 of the Revised Code granting legal custody of a child to a person is intended to be permanent in nature. A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at

that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.

{¶20} The requirement that the trial court make a best interests and a change in circumstances finding exists "because some degree of permanence or finality is necessary in custody determinations." *In re L.V.*, 9th Dist. Summit No. 26245, 2012-Ohio-5871, ¶ 8 citing *In re J.S.*, 11th Dist. Lake No. 2011–L–162, 2012–Ohio–4461, ¶ 27. *See also Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997), quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982) (finding that the intent of a comparable statute, R.C. 3109.04(E)(1)(a), is " 'to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment.' "). R.C. 2151.42(B) explicitly emphasizes that an order granting legal custody is "intended to be permanent in nature."

{¶21} In the present case, the trial court made no mention of a change of circumstances, nor can any language in the trial court's judgment entry be construed as a finding of a change of circumstances. Due to the omitted finding, we must reverse the judgment of the trial court for its failure to meet the specific requirements of R.C. 2151.42(B). The matter is remanded to the trial court for further proceedings consistent with this opinion and law.

{¶22} Father's first Assignment of Error is sustained.

*II., IV.*

{¶23} Father argues in his second Assignment of Error the trial court's decision to modify legal custody based on a change of circumstances was against the manifest weight of the evidence. In his fourth Assignment of Error, Father argues the trial court's decision it was in the best interests of the child to modify legal custody was against the manifest weight of the evidence. Based on our reversal and remand of the trial court's decision pursuant to the requirements of R.C. 2151.42(B), a ruling on these Assignments of Error would be premature.

*III.*

{¶24} Father contends in his third Assignment of Error the trial court erred when it failed to make a specific finding of parent unsuitability before granting legal custody to a non-parent. We disagree.

{¶25} Before awarding legal custody to a non-parent, a trial court must ordinarily make a finding that each parent is unsuitable. *In re L.M.,* 2nd Dist. Greene No. 2010-CA-76, 2011-Ohio-3285, ¶ 18 citing *In re Hockstock*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971. This requirement does not apply, however, in cases involving abuse, neglect, or dependency. *Id.* The Ohio Supreme Court in *In re C.R.* held "[a] juvenile court adjudication of abuse, neglect, or dependency is a determination about the care and condition of a child and implicitly involves a determination of the unsuitability of the child's custodial and/or noncustodial parents." 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188, paragraph one of syllabus. Thus, "[w]hen a juvenile court adjudicates a child to be abused, neglected, or dependent, it has no duty to make a separate finding at the dispositional hearing that a noncustodial parent is unsuitable

before awarding legal custody to a nonparent." *In re L.M.,* 2011-Ohio-3285 quoting *In re C.R.*, 108 Ohio St.3d 369, paragraph two of syllabus.

{¶26} *In re C.R.* negates the need for an unsuitability determination at the dispositional hearing. Father argues *In re C.R.* is distinguishable from the present case because at a post-dispositional hearing, the trial court granted legal custody to Father. By granting legal custody to Father, the trial court implicitly found Father to be a suitable parent. In order to modify legal custody, Grandmother was required to establish Father's current unsuitability in order to obtain legal custody of L.H.

{¶27} In *In re L.M.*, 2nd Dist. Greene No. 2010-CA-76, 2011-Ohio-3285, the Second District Court of Appeals analyzed the question of whether, in the post-dispositional hearing context, non-parents seeking legal custody of child previously adjudicated abused and/or dependent were required to establish parental unsuitability in order to obtain custody.[1] In that case, the mother appealed a juvenile court's decision to grant legal custody of her children to non-parents at a post-dispositional hearing.

{¶28} The facts giving rise to the appeal were as follows. After a complaint by Children Services, the trial court adjudicated the mother's three children abused and/or dependent based on the mother's drug addiction. *Id.* at ¶ 2. The trial court awarded legal custody of the three children to the grandparents. *Id.* The mother filed a complaint to regain custody of her three children. The aunt and uncle filed a complaint to seek legal custody of two of the children. *Id.* at ¶ 3. The trial court granted legal custody of the two children to the aunt and uncle. *Id.* at ¶ 13.

---

[1] Appeal not allowed, *In re L.M.*, 130 Ohio St.3d 1475, 2011-Ohio-6124, 957 N.E.2d 1168.

{¶29} The mother argued on appeal the trial court was required to grant her legal custody absent evidence she was then an unsuitable parent. *Id.* at ¶ 17. The Second District disagreed. It held:

[The mother] seeks to distinguish *In re C.R.* on the basis that it negated the need for an unsuitability determination *at the dispositional hearing.* As set forth above, the dispositional hearing in the present case long ago resulted in [the grandparents] receiving legal custody. The matter then returned to the trial court on competing requests by [the mother] and [the aunt and uncle] to modify the initial disposition by granting them legal custody. In this post-dispositional hearing context, [the mother] asserts that *In re C .R.* does not apply and that [the aunt and uncle], as non-parents, were required to establish her current unsuitability in order to obtain custody instead of her. We disagree.

Despite [the mother's] progress as a parent, the fact remains that the trial court previously adjudicated L.M. and J.J. abused and/or dependent based primarily on her drug addiction. As a result of that adjudication, the trial court retains jurisdiction over the children until they reach age eighteen. R.C. 2151.353(E)(1). In the exercise of its continuing jurisdiction, the trial court is permitted to change the legal custody order it entered at the dispositional hearing. The procedure for exercising this authority is delineated by statute. Under R.C. 2151.42(B), a trial court cannot modify or terminate a prior dispositional order awarding legal custody of an abused, neglected, or dependent child unless it finds

"based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child."  Notably, nothing in R.C. Chapter 2151 requires a non-parent to establish current parental unsuitability when seeking to modify a prior dispositional order in abuse, neglect, or dependency cases. As the Ohio Supreme Court has recognized, "no statute requires a finding of parental unfitness as a prerequisite to an award of legal custody in cases where a child is adjudged abused, neglected, or dependent."  *In re C.R.,* ¶ 21.  This remains true even when, as in the present case, a non-parent competes for legal custody against a biological mother after the initial dispositional order.  *In re I.S., A.S., T.S., K.S.,* Summit App. No. 24763, 2009–Ohio–6432, ¶ 9–20.  The fact that a parent implicitly found unsuitable by an abuse/dependent adjudication, may now be a suitable parent does not necessarily entitle her to regain legal custody of L .M. and J.J.  *In re B.J.,* Hamilton App. No. C–081261, 2009–Ohio–6485, ¶ 3–26. Her second assignment of error is overruled.

*Id.* at ¶ 19-20.

{¶30} In the present case, while the trial court failed to make the required finding of a change of circumstances before modifying legal custody, the trial court was not required to make a finding of parental unsuitability before awarding legal custody to a non-parent.

{¶31} Father's third Assignment of Error is overruled.

**CONCLUSION**

{¶32} The first Assignment of Error of Father-Appellant is sustained. The second and fourth Assignments of Error of Father-Appellant are premature, based on our decision in the first Assignment of Error. The third Assignment of Error of Father-Appellant is overruled.

{¶33} Accordingly, the judgment of the Muskingum County Court of Common Pleas, Juvenile Division is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Farmer, P.J. and

Wise, J., concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE