[Cite as *In re K.M.A.T.*, 2014-Ohio-2420.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| K. M. A. T., | : | No. 13AP-832 |
| | | (C.P.C. No. 10JU-8132) |
| (E. T., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on June 5, 2014

*Capital University Legal Clinic, Lorie McCaughan* and *Ryan Sander,* Legal Intern, for appellant.

*Soroka & Sidoti, LLC, Roger Soroka, Todd Sidoti* and *Joshua Bedtelyon,* for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

CONNOR, J.

{¶ 1} Appellant-mother, E.T., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and Juvenile Branch, denying appellant's motion for legal custody of her minor child, K.T. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant gave birth to K.T. on January 14, 2010. In February 2010, Franklin County Children Services ("FCCS") sought temporary custody of K.T. due to appellant's drug abuse. Appellant and FCCS subsequently executed a voluntary case plan regarding the custody and care of K.T., with the stated goal of reunification. On June 4, 2010, appellant's caseworker filed a complaint seeking a determination that K.T. was both a neglected minor child pursuant to R.C. 2151.03(A), and a dependent minor child

pursuant to R.C. 2151.04(C). On June 10, 2010, a magistrate issued an order of temporary custody of K.T. to FCCS.

{¶ 3}   On August 31, 2010, a magistrate found K.T. to be both a neglected minor child pursuant to R.C. 2151.03(A), and a dependent minor child pursuant to R.C. 2151.04(C). In a decision filed on September 9, 2010, the magistrate concluded that the award of legal custody to K.T.'s maternal grandmother, C.T., was in the "best interest" of K.T. On that same date, the court issued a judgment entry adopting the magistrate's decision, vacating the temporary order of custody to FCCS, and granting legal custody of K.T. to C.T.

{¶ 4}   Thereafter, on January 11, 2011, K.T.'s maternal uncle, appellee, C.R., filed separate pro se motions for an order adding him as a party in the action, and for an order of legal custody.  On February 15, 2011, the magistrate issued an order granting the motions and ordering temporary custody to appellee "pending further hearing." The magistrate subsequently appointed a guardian ad litem ("GAL") for K.T. on February 18, 2011.  On April 19, 2011, the magistrate conducted an adjudicatory hearing on appellee's motion for legal custody.  On April 25, 2011, the magistrate issued a decision that reads in relevant part as follows: "The Magistrate finds it is in the best interest of the child for his legal custody to be awarded to his uncle, [C.R.]." The court adopted the magistrate's custody order by judgment entry dated April 25, 2011. Appellant did not file an objection.

{¶ 5}   On June 14, 2011, appellant filed a motion for visitation. Following an adjudicatory hearing, the magistrate issued a decision on April 19, 2011, granting appellant supervised visitation with K.T. "a minimum of two hours per week."  The court adopted the magistrate's decision. Thereafter, on November 10, 2011, the magistrate issued a decision approving and adopting a "Memorandum of Agreement," signed by the parties, and setting forth the parameters of future visitation. The magistrate set the matter for a six-month review to be conducted on May 16, 2012. The magistrate subsequently approved and adopted a second "Memorandum of Agreement" regarding visitation on June 4, 2012.  Thereafter, on October 25, 2012, appellant filed a motion for contempt against appellee alleging that appellee had violated the visitation order.  In a decision dated November 27, 2012, the magistrate dismissed the motion and ordered visitation to

continue in accordance with the prior agreement. The matter was set for periodic review on January 9, 2013.

{¶ 6}  On March 22, 2013, appellant filed a motion seeking an order terminating legal custody of K.T. to appellee and ordering legal custody to her.  The GAL filed a report on the matter of custody on April 5, 2013 and, on May 7, 2013, the magistrate conducted an evidentiary hearing on the motion. As a result of the hearing, the magistrate determined that the return of custody to appellant was in the best interest of K.T. Accordingly, on May 31, 2013, the magistrate issued a decision terminating custody to appellee and granting appellant's motion for legal custody. On that same date, the trial court issued a judgment entry adopting the magistrate's decision.

{¶ 7}  On July 15, 2013, appellee filed a motion for relief from the May 31, 2013 judgment. Therein, appellee claimed that the trial court had not served him with a copy of the judgment entry. Without expressly ruling on the motion for relief from judgment, the court issued an entry on August 23, 2013 granting appellee's unopposed motion for leave to file objections to the magistrate's decision. On August 30, 2013, the trial court issued a decision and entry sustaining appellee's objections to the magistrate's decision and denying appellant's motion for a change in legal custody.  Appellant timely appealed to this court from the trial court's decision.

## II. Assignments of Error

{¶ 8}  Appellant assigns the following as error:

> [I.] The Court abused its discretion and erred when it Sustained Appellee's Objections to the Magistrate's Decision, thereby denying Appellant, Mother's Motion for Custody.

> [II.] The Court abused its discretion and erred when it determined that the placement of the minor child with the Appellee was "permanent."

> [III.] The Court abused its discretion and erred when it Sustained Appellee's Objections to the Magistrate's Decision, thereby granting legal custody to Appellee, because there is no signed *Statement of Understanding* as required by R.C. 21515.353A(3)(b)[sic].

## III. Standard of Review

{¶ 9}  The trial court has broad discretion in its determination of parental custody rights. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). A trial court's custody determination should not be disturbed unless it constitutes an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23 (1990); *In re Dawkins*, 10th Dist. No. 08-26-2003, 2003-Ohio-4503, ¶ 18. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *In re Dawkins* citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

## IV. Legal Analysis

{¶ 10} In the first assignment of error, appellant argues that the trial court erred when it failed to consider the "best interest of the child" in denying appellant's motion for a change of custody. Inthe second assignment of error, appellant argues that the trial court erred when it treated the custody order to appellee as an order of permanent legal custody.  Inasmuch as these assignments of error are interrelated, we will consider them together.

{¶ 11} R.C. 2151.353, providing for the disposition of an "abused, neglected, or dependent child," states in relevant part:

> (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
>
> (1) Place the child in protective supervision;
>
> (2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home, or in any other home approved by the court;
>
> (3) *Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.*

(Emphasis added.)

{¶ 12} R.C. 2151.417(B) permits a court to amend a dispositional order under the following circumstances:

> If a court issues a dispositional order pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code, the court has continuing jurisdiction over the child as set forth in division (E)(1) of section 2151.353 of the Revised Code. The court may amend a dispositional order in accordance with division (E)(2) of section 2151.353 of the Revised Code at any time upon its own motion or upon the motion of any interested party. *The court shall comply with section 2151.42 of the Revised Code in amending any dispositional order pursuant to this division.*

(Emphasis added.)

{¶ 13} R.C. 2151.42 sets forth the legal standard for ruling on a motion for modification or termination of a dispositional order as follows:

> (A) At any hearing in which a court is asked to modify or terminate an order of disposition issued under section 2151.353, 2151.415, or 2151.417 of the Revised Code, the court, in determining whether to return the child to the child's parents, shall consider whether it is in the best interest of the child.
>
> (B) An order of disposition issued under division (A)(3) of section 2151.353, division (A)(3) of section 2151.415, or section 2151.417 of the Revised Code granting legal custody of a child to a person is intended to be permanent in nature. *A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.*

(Emphasis added.)

{¶ 14} Appellant argues that a trial court is required to terminate a dispositional order of custody to a non-parent and award custody to the parent if it determines, pursuant to R.C. 2151.42(A), that the return of custody to the parent is in the best interest of the child. Appellee contends that a trial court may not terminate a dispositional order of custody made pursuant to R.C. 2151.353(A)(3), unless it first finds, pursuant to R.C.

2151.42(B), "that a change has occurred in the circumstances of the child or the person who was granted legal custody and that * * * termination of the order is necessary to serve the best interest of the child." We agree with appellee.

{¶ 15} The trial court issued an order on September 9, 2011 adjudicating K.T. as both a neglected minor child pursuant to R.C. 2151.03(A), and a dependent minor child pursuant to R.C. 2151.04(C). Thus, the trial court's April 25, 2011 order of legal custody to appellee was "an order of disposition issued under division (A)(3) of section 2151.353." *See In re L.H.,* 5th Dist. No. CT2013-0017, 2013-Ohio-5279, ¶ 18. Pursuant to R.C. 2151.42(B), such an order "is intended to be permanent in nature." Furthermore, under the statutory scheme, a court may terminate such an order only upon a finding "that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child." *In re L.H.* at ¶ 19-21; *In re L.L.,* 3d Dist. No. 5-12-05, 2012-Ohio-4346, ¶ 33-36. This is true whether the party seeking termination of the previous dispositional order is a parent or otherwise. *Id. See also In re N.G.,* 9th Dist. No. 12CA010143, 2012-Ohio-2825, ¶ 13. Indeed, "[t]he requirement that the trial court make a best interests and a change in circumstances finding exists 'because some degree of permanence or finality is necessary in custody determinations.' " *In re L.H* at ¶ 20, quoting *In re L.V.,* 9th Dist. No. 26245, 2012-Ohio-5871, ¶ 8. For this reason, "R.C. 2151.42(B) explicitly emphasizes that an order granting legal custody is 'intended to be permanent in nature.' " *Id. See also In re J.S.,* 11th Dist. No. 2011-L-162, 2012-Ohio-4461, ¶ 27.

{¶ 16} Appellant advances several arguments in support of her contention that the trial court intended the April 25, 2011 order of custody to appellee to be temporary. Appellant's arguments are without merit.

{¶ 17} For example, the fact that the magistrate entered a "temporary" order of custody to appellee on February 15, 2011, "pending further hearing," does not change the nature of the trial court's subsequent dispositional order of custody to appellee. As noted above, the magistrate conducted an adjudicatory hearing on the matter on April 19, 2011, and issued a magistrate's decision recommending legal custody to appellee. The trial court issued a judgment entry adopting the magistrate's decision and awarding legal custody to

appellee on April 25, 2011. Neither the magistrate's decision nor the trial court's April 25, 2011 judgment entry state that custody to appellee is intended to be temporary in nature.

{¶ 18} Additionally, the fact that the court has expressly retained jurisdiction of the custody issue does not mean that the trial court intended the April 25, 2011 custody order to be temporary in nature. By operation of R.C. 2151.353(E)(1), a trial court must retain jurisdiction of any child adjudged to be a dependent or neglected child until such child reaches the age of 18. *See, e.g., In re L.H.* at ¶ 29; *In re M.V.V.*, 10th Dist. No. 11AP-229, 2011-Ohio-4481, ¶ 7.

{¶ 19} Finally, while we agree that the trial court has issued several visitation orders which are expressly subject to further review, the visitation and custody issues are separate and distinct. Indeed, the Supreme Court of Ohio has recognized that " 'visitation and custody are related but distinct legal concepts.' " *Braatz v. Braatz,* 85 Ohio St.3d 40, 44 (1999), quoting *In re Gibson*, 61 Ohio St.3d 168 (1991). Thus, the fact that the trial court has expressly stated that it will continue to review the visitation issue in this case has no bearing on the nature of the custody order to appellee.

{¶ 20} Appellant's reliance on *In re N.F.,* 10th Dist. No. 08AP-1038, 2009-Ohio-2986, is also misplaced. In that case, we applied R.C. 2151.42(A) rather than R.C. 4121.24(B) in reviewing a mother's appeal from a dispositional order of custody to a paternal uncle. However, in that case, the mother had timely objected to the magistrate's dispositional order and timely appealed to this court from the trial court's judgment entry adopting the magistrate's decision. Thus, the dispositional order in that case was not yet final. Here, appellant challenges a dispositional order of custody to appellee that became final, without objection, almost two years earlier. In short, *In re N.F.* is distinguishable.

{¶ 21} To the extent that appellant argues that the trial court's denial of her motion for custody of K.T. violates her "paramount right" to parent her child, we note that the right is not absolute. *In re J.A.G.,* 10th Dist. No. 08AP-823, 2009-Ohio-821, ¶ 6, citing *In re K.H.*, 119 Ohio St.3d 538, 2008-Ohio-4825, ¶ 40. Indeed, it is well-settled that "[a]n adjudication of abuse, neglect, or dependency implicitly involves a determination of the unsuitability of the child's parents." *In re T.P.*, 12th Dist. No. CA2012-02-004, 2012-Ohio-4614, citing *In re C.R.,* 108 Ohio St.3d 369, 2006-Ohio-1191, ¶ 22-23. As stated above, the trial court adjudged K.T. to be a dependent and neglected minor child and then proceeded

to award legal custody to appellee pursuant to R.C. 2151.353(A)(3). Such an order is not to be disturbed absent evidence "that a change has occurred in the circumstances of the child or the person who was granted legal custody and that * * * termination of the order is necessary to serve the best interest of the child." *In re L.H., In re L.L.,* and *In re N.G.*

{¶ 22} Appellant also contends that the trial court abused its discretion by failing to follow the recommendation of GAL. We disagree.

{¶ 23} "[T]he GAL's recommendation does not bind the trial court." *Galloway v. Khan*, 10th Dist. No. 06AP-140, 2006-Ohio-6637, ¶ 70, citing *Baker v. Baker*, 6th Dist.. No. L-03-1018, 2004-Ohio-469, ¶ 30. " 'A trial court determines the guardian ad litem's credibility and the weight to be given to any report.' " *Id.,* quoting *Baker; see also In re R.N.,* 10th Dist. No. 04AP-130, 2004-Ohio-4420, ¶ 55.

{¶ 24} The record reveals that the magistrate read the report of GAL Bowen into the record, and that newly appointed GAL Westbrook offered an opinion on the custody issue at the hearing. Although the trial court did not make any reference to this information, we note that both GAL Bowen and GAL Westbrook focused on the positive change in appellant's circumstances since the inception of the case rather than any change that occurred in the circumstances of K.T. or appellee. Thus, the trial court had a justifiable reason to afford little or no weight to the recommendations.

{¶ 25} The trial court's August 30, 2013 "Decision and Entry" in this case states in relevant part:

> Most of the changes alleged during the hearing have to do with achievements made by the Mother, not the legal custodian or the minor child. The Court is not persuaded that even if a change of circumstances could be found that it is in the best interest of the minor child to remove him from the home he has lived in the majority of his young life.
>
> Therefore, the Court cannot find that a change has occurred in the circumstances of the child or the legal custodian and even if there were such a change the Court does not believe it is in the best interest of the minor child to return legal custody to mother.

{¶ 26} "Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence, and such a decision must not be reversed absent an abuse of discretion." *In re*

*R.N.* at ¶ 24. Our review of the record reveals that the trial court applied the appropriate legal standard in denying appellant's motion to terminate legal custody to appellee, and that the decision to continue the current custody arrangement was neither unreasonable, nor arbitrary or unconscionable in light of the evidence in the record.

{¶ 27} For the foregoing reasons, appellant's first and second assignments of error are overruled.

{¶ 28} In the third assignment of error, appellant argues that the original order of legal custody to appellee was void and unenforceable inasmuch as appellee never signed a "Statement of Understanding" as required by R.C. 2151.353(A)(3). We disagree.

{¶ 29} Pursuant to R.C. 2151.353(A)(3), a non-parent "shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody." While the record reveals that appellee never signed a statement of understanding as required by R.C. 2151.353(A)(3), appellant neither objected to the magistrate's decision to award legal custody to appellee nor did appellant otherwise bring the issue to the attention of the trial court. Accordingly, even if appellant had timely appealed from the April 25, 2011 custody order, appellant waived all but plain error with regard to the trial court's compliance with the requirements of R.C. 2151.353(A)(3). *In re W.A.*, 5th Dist. No. CT2013-0002, 2013-Ohio-3444, ¶ 15, citing *In re A.V.O.*, 9th Dist. No. 11 CA010115, 2012-Ohio-4092, ¶ 8. For purposes of the instant appeal, the matter is resolved.

{¶ 30} Accordingly, appellant's third assignment of error is overruled.

## V. Conclusion

{¶ 31} We hold that the trial court did not abuse its discretion when denying appellant's motion for legal custody of K.T. Having overruled each of appellant's assignments of error we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and Juvenile Branch.

*Judgment affirmed.*

SADLER, P.J. and BROWN, J., concur.

_____